IN THE SUPREME COURT OF THE STATE OF NEVADA

AGIO, LLC,
Appellant,
vs.
QUALITY LOAN SERVICE
CORPORATION; AND BANK OF
AMERICA, N.A., SUCCESSOR BY
MERGER TO BAC HOME LOANS
SERVICING, LP, F/K/A COUNTRYWIDE
HOME LOANS SERVICING, LP,
Respondents.

No. 78610

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a wrongful foreclosure action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.[1]

After appellant Agio, LLC purchased a subpriority interest[2] in the subject property at an HOA foreclosure sale, respondent Quality Loan Service Corporation held a trustee's sale foreclosing on respondent Bank of

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The parties do not dispute that respondent Bank of America, N.A. preserved its deed of trust by tendering the superpriority lien amount before the HOA foreclosure sale. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC,* 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) (holding that a valid tender of the defaulted superpriority portion of an HOA's lien cures the default as to that portion of the lien such that an ensuing foreclosure sale does not extinguish the first deed of trust).

20-34484

America, N.A. (BANA)'s deed of trust. Agio brought the underlying wrongful foreclosure action against respondents seeking to void the trustee sale based on allegations that Quality did not comply with certain required provisions of NRS Chapter 107, which governs nonjudicial foreclosures. The district court granted Quality's motion to dismiss the action and BANA's joinder thereto; Agio appeals.

Agio argues that the district court erred dismissing its complaint because a plain reading of NRS 107.550 requires a notice of default and election to sell to be rescinded if the notice of sale is not recorded within nine months thereafter, NRS 107.550(1)(b) (providing that a notice of default and election to sell or notice of sale must be rescinded if the "notice of sale is not recorded within 9 months after the notice of default and election to sell"), and BANA's notice of sale in this case was untimely. Reviewing de novo, *see Zohar v. Zbiegien*, 130 Nev. 733, 736-37, 334 P.3d 402, 404-05 (2014), we disagree. NRS 107.550 plainly states that its requirements only apply to foreclosures "involving a failure to make a payment required by a residential mortgage loan," NRS 107.550(1), and NRS 107.450 defines a residential mortgage loan as one secured by owner-occupied housing. At the time Quality conducted its sale, the property was no longer owner-occupied because Agio owned it and did not occupy the property as its primary residence, thus NRS 107.550(1)(b) did not apply to Quality's foreclosure of the property.[3] *See* NRS 107.015(6) (defining

---

[3]We need not consider Agio's argument that the loan retained its original character as a residential mortgage loan after the HOA foreclosure sale because Agio provided no relevant authority to support its contention. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d

"[o]wner-occupied housing" as "housing that is occupied by an owner as the owner's primary residence"). We further conclude that dismissal was appropriate because Agio "could prove no set of facts, which, if true, would entitle [it] to relief" under NRS 107.560(2). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). That statute authorizes "borrower[s]" to bring such claims and Agio can not be a "borrower" because it is not a natural person. *See* 107.560(2) (authorizing a borrower to bring a civil action to recover "economic damages resulting from a [trustee's] material violation of NRS 107.400 to 107.560"); NRS 107.410 (defining a "borrower" as "a natural person who is a mortgagor or grantor of a deed of trust under a residential mortgage loan").

We also agree that dismissal was appropriate because Agio's complaint did not allege sufficient facts to state a common law claim for wrongful foreclosure. *See* NRCP 12(b)(5) (authorizing dismissal when a complaint "fail[s] to state a claim upon which relief can be granted"). Specifically, Agio's complaint did not contain any allegations that the original owners were not in default under BANA's deed of trust.[4] *See*

---

1280, 1288 n.38 (2006) (noting that this court need not consider claims not supported by cogent argument or relevant authority).

[4]We reject Agio's contention that this court should disregard respondents' argument about the sufficiency of Agio's common law wrongful foreclosure claim because it was not timely raised below. The record reveals that Agio did not assert that it was seeking relief under such a theory until its opposition to Quality's dismissal motion, and Quality timely responded to this claim in its reply in support of dismissal. *Cf. Bongiovi v. Sullivan*, 122 Nev. 556, 569 n.5, 138 P.3d 433, 443 n.5 (2006) (noting that "reply briefs are limited to answering any matter set forth in the opposing brief").

*Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) ("[T]he material issue of fact in a [common law] wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised."). Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Ronald J. Israel, District Judge
       Shumway Van
       Akerman LLP/Las Vegas
       McCarthy & Holthus, LLP/Las Vegas
       Eighth District Court Clerk